# Ligonier Valley Railroad Company, Appellant, v. Latrobe Borough.

216      221
f 35 SC ¹361

216      221
38SC ³607

216      221
227   ²387
40SC³ 55

*Railroads—Boroughs—Act of June 7, 1901, P. L. 531.*

The Act of June 7, 1901, P. L. 531, prohibiting the construction of grade crossings, does not apply to streets in a borough established by ordinance three years before the date of the act; and it is immaterial that the actual crossings were not what they ought to be to meet public requirements as to convenience, if it appears in fact that they were established crossings.

Borough authorities in laying out grade crossings under the authority of the Act of April 3, 1851, P. L. 320, prior to the act of June 7, 1901, were not running counter to any established policy.

Where the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. What the legislature distinctly says may be done cannot be set aside by the courts on the ground that it is unreasonable or against sound policy.

Argued Oct. 10, 1906.    Appeal, No. 41, Oct. T., 1906, by plaintiff, from decree of C. P. Westmoreland Co., No. 384, of 1900, dismissing bill in equity in case of Ligonier Valley Railroad Company v. Latrobe Borough.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for an injunction.    Before DOTY, P. J.

From the record it appeared that on September 13, 1898, ordinances of the borough of Latrobe were approved by which Weldon street and Spring street were opened of the full width of fifty feet across the Ligonier Valley Railroad.    In 1900 the Ligonier Valley Railroad Company was served with notice by the borough, to provide and lay proper crossings at the intersection of the railroad with Weldon and Spring streets.    The company failed to comply with the notice and the borough took steps to put down the crossing.    This bill was then filed for an injunction to restrain the borough from constructing grade crossings at the points in question.

The court made the following findings of fact as to the situation at the crossing.

8. That the Welden and Spring street crossings, like all grade crossings, are dangerous ; that because of reasonable proximity · to other crossings, there is no great necessity for their construction, but, if opened, it will be a matter of convenience to citizens of the borough now living on both sides of the railroad ; that the actual opening of the crossings to public travel will seriously inconvenience the plaintiff company, but will not work irreparable injury. The scale tracks and switches were constructed after the adoption of the ordinances and after notice to the plaintiff company of the opening of said streets.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Edward E. Robbins,* with him *John E. Kunkle,* for appellant. —Whether an ordinance is unreasonable or not is a question for the court, and if the ordinance is oppressive and unnecessary it is unreasonable : Gitt v. Hanover Borough, 4 Pa. Dist. Rep. 606 ; Elizabeth Borough v. Braum, 17 Pa. C. C. Rep. 257 ; Warren Borough v. Lewis, 16 Pa. C. C. Rep. 176 ; Kneedler v. Norristown Borough, 100 Pa. 368 ; Sayre Borough v. Phillips, 148 Pa. 482 ; 1 Trickett, Borough Law, p. 125.

The ordinance under consideration is unreasonable for the reason that it confiscates the property of the railroad company : Kneedler v. Norristown Borough, 100 Pa. 368 ; Reimer's App.; 100 Pa. 182 ; Livingston v. Wolf, 136 Pa. 519 ; Ruan Street, 132 Pa. 257.

Should the court be of opinion that this ordinance can be sustained, yet the defendant most earnestly urges that these grade crossings cannot now be opened.

The word " establish " as used in this section, means construct, actually build, made or opened. The word " establish " is used advisedly and for a purpose. " Establish " (a) to settle firmly; to fix unalterably; (b) to make firm : Dickey v. Maysville, etc., Turnpike Road Co., 7 Dana (Ky.), 113 ; Wright v. Nagle, 101 U. S. 791 ; Palatka, etc., R. R. Co. v. State, 23 Florida, 546 (3 So. Repr. 158) ; Penna. R. R. Co. v. Bogert, 209 Pa. 589 ; Perry Co. R. R. Extension Co. v. R. R. Co., 150 Pa. 193 ; Mifflinville Bridge, 206 Pa. 420 ; B. & O. R. R. Co. v. Butler Pass. Ry. Co., 207 Pa. 406.

*C. E. Heller,* with him *F. B. Hargrave* and *J. S. Lightcap,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 7, 1907 :

It is futile to contend that the Act of June 7, 1901, P. L. 531, prohibiting grade crossings, except they are allowed by the court, applies here. The streets of which the grade crossing complained of are a part, were established by ordinance and regularly laid out at least three years before the act went into effect. There is no dispute about this. The mere fact that up to this time the actual crossings are not what they ought to be to meet public requirements as to convenience, is nothing to the point. They are none the less established crossings. It would hardly be contended that the highway had not been constructed, because something remained to be done to make it all that the public had a right to expect. With no more reason can it be urged, that the crossings have not been constructed, because as yet there have been no planks placed alongside the rails, to make travel over them easy. The public had the right to travel on these streets in whatever condition they were in, and this right extended to the railroad crossing as well as any other part.

The other contention of appellant has no better support. We agree in all that is said as to grade crossings being a menace to public safety. We have again and again reprobated them, and have no disposition to qualify anything we have said on this general subject. But our disfavor affords no warrant for supposing that when grade crossings have been legally established, public rights with respect to them are to be disregarded. In ordering and laying out these streets across appellant's railroad, the borough authorities were running counter to no established policy. The act of June 7, 1901, had not then been passed. The general borough Act of April 3, 1851, P. L. 320, was the authority under which the streets were laid out. In so many words that act empowers boroughs to survey, lay out, enact and ordain such roads, lanes and alleys as they may deem necessary. That the ordinance is unreasonable, in view of the danger attending the use of the crossing, and the adequacy of the crossings then existing for the public need, is a view that might have been urged when the adoption of the ordinance

was being considered by the borough authorities; their decision however, with respect to it, in any event would have determined the question finally. It is settled law that where the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy: Dillon's Municipal Corporations, sec. 328.

The establishment of the streets with the crossing complained of, was the exercise of a discretion conferred upon the borough authorities. The ultimate and sole responsibility for their action must be with them.

The assignments are overruled; the decree is affirmed at costs of appellant.