Opinion by
Orlad y, J.,
It is not entirely clear from the evidence just when the Cambria and Clearfield Railroad was located through the borough of Westover, but it is quite clear that the borough was incorporated before that date, and that McEwen avenue was a public highway prior to 1887. In 1907 the borough council presented a petition to the court of common pleas of Clearfield county praying for an order requiring the opening, construction and maintenance of a grade crossing at the intersection of McEwen avenue in the borough of Westover with the line of the railroad passing through the borofigh, in accordance with the provisions of the act of June 7,1901, and its supplements. An answer was filed denying the necessity for the crossing at the point suggested for the reason that there were already four grade crossings in the borough over this line of railroad within a distance of 2,100 feet, which were more than sufficient to fully accommodate the traveling public, and that an additional crossing would greatly increase the danger incident to such location. It appears that this borough is nearly three miles long and two miles wide, the plotted part covering about twenty acres, two-thirds of the population of the town being on one side of the railroad, that there are from fourteen to twenty-six trains passing through the town daily.
There is a public highway contiguous to the railroad, and it is intersected by Michael street on which there is a grade crossing 435 feet south, and by Park street, 523 feet north of the proposed crossing on McEwen street. The Act of June 7, 1901, P. L. 531, the title of which is “An Act relating to railroad crossings of highways, and for the regulation, alteration, and abolition of grade crossings, except in cities of the first and second classes,” was intended to lessen rather than to encourage the creation of additional grade crossings. The second section refers to a railroad company “constructing a new line of railroad under its chartered powers across a highway.” The third section refers to the municipality “hereafter constructing a highway across an existing railroad,” and the *361 fourth section provides, inter alia, that “Whenever it shall be desired by any railroad company constructing a new railroad, or by any municipality or authority constructing a new highway,” that certain proceedings therein outlined are necessary to bring the matter fairly before the court, which being followed, “the Court of Common Pleas shall thereupon have jurisdiction of the parties and the subject-matter of such petition, and may proceed summarily or otherwise, and upon such notice as it shall deem sufficient, to examine the matter, either by evidence, by reference to a master or to commissioners or otherwise, and if satisfied that such construction is reasonably required to accommodate the public, or to avoid excess expense in view of the small amount of traffic on the highway or railroad, etc.” This act is not intended to apply to a case where the highway and the railroad company were in actual existence prior to the passage of the act, and it is certainly not the intention of the courts to encourage the added risk of additional grade crossings which are to be permitted only in the light of an imperious necessity created by the special location. This construction of the act has been so recently given to it by the Supreme court in Ligonier Valley R. R. Co. v. Latrobe Borough, 216 Pa. 221, that it is not necessary to cite further authorities.
The judgment is reversed.