## LAUREL HILL CEMETERY v. CITY AND COUNTY OF SAN FRANCISCO.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 100.   Argued January 21, 24, 1910.—Decided February 21, 1910.

Great caution must be exercised by any tribunal in overruling, or allowing to be overruled, the decision of the local authorities on questions involving the health of the neighborhood; and this court is doubly reluctant to interfere with deliberate decisions of the highest court of a State confirming a specific determination on such a question previously reached by the body making the law.

Where opinion is divided as to whether a practice prohibited by a police ordinance is dangerous, and if the ordinance be valid if the danger be real, this court will not overthrow the ordinance as an unconstitutional deprivation of property without due process of law or a denial of equal protection of the law merely because of adherence to the other belief. *Jacobson* v. *Massachusetts*, 197 U. S. 11.

One not belonging to a class, cannot raise the question of constitutionality of a statute as it affects that class.

Tradition and habits of the community count for more than logic in determining constitutionality of laws enacted for the public welfare under the police power.

An ordinance prohibiting burial of the dead within the limits of a populous city based on a determination of the city authorities that the practice is dangerous to life and detrimental to public health, and which has been sustained by the highest court of the State, will not be overthrown by this court as an unconstitutional exertion of the police power of the State; and so held as to such an ordinance of San Francisco, California.

152 California, 464, affirmed.

THE facts are stated in the opinion.

*Mr. Thomas E. Haven* for plaintiff in error:

The ordinance is invalid because it goes beyond the necessities of the case.

The determination by legislative bodies as to the necessity of the exercise of the police power is not final nor conclusive.

*Welch* v. *Swasey*, 214 U. S. 91; *Chicago, B. & Q. R. R.* v. *Illinois*, 200 U. S. 592; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Hannibal & St. Joseph R. R. Co.* v. *Husen*, 95 U. S. 465; *Minnesota* v. *Barber*, 136 U. S. 313.

The prohibition of burials from which no injury can result is neither reasonable nor necessary.

The Supreme Court of California has held that an ordinance prohibiting burials in an entire county is unreasonable and void. *Los. Angeles* v. *Hollywood Cemetery Association,* 124 California, 344; *Hume* v. *Laurel Cemetery*, 142 Fed. Rep. 564–565; *Freund on Police Powers*, § 178; *Lake View* v. *Letz*, 44 Illinois, 81.

Courts cannot know judicially that the burial of human remains in proximity to the habitations of the living is dangerous to the health of the inhabitants. *Brown* v. *Piper*, 91 U. S. 37.

When authorities differ as to scientific facts, courts cannot take judicial knowledge of them. *St. Louis Gas Light Co.* v. *American Fire Ins. Co.*, 33 Mo. App. 367–369; *Underhill on Evidence*, § 241, p. 371; *Minnesota* v. *Barber*, 136 U. S. 313.

That cemeteries are not so dangerous to health as to constitute nuisances *per se* has been held by the Supreme Court of California and numerous other authorities. *Los Angeles* v. *Hollywood Cemetery Association,* 124 California, 347; *Lake View* v. *Letz*, 44 Illinois, 81; 5 Am. & Eng. Ency. of Law (2d ed.), 791; *Monk* v. *Parkard*, 71 Maine, 309; *Lake View* v. *Rose Hill Cemetery*, 90 Illinois, 195; *Begein* v. *City of Anderson*, 28 Indiana, 79; *Kingsbury* v. *Flowers*, 65 Alabama, 485; *Wood on Nuisances* (2d ed.), p. 6, § 3; *Dunn* v. *City of Austin*, 77 Texas, 139, 146; *Musgrove* v. *St. Louis Church*, 10 La. Ann. 431; *New Orleans* v. *St. Louis Church*, 11 La. Ann. 244; *Ellison* v. *Commissioners*, 5 Jones' Equity, 57.

Scientific authorities quoted in the brief and in the record, including article by M. J. Robinet, in Popular Science Monthly, September, 1881, Vol. 19, p. 657, establish the scientific fact that whatever unhealthy conditions have heretofore arisen

from cemeteries, have been due to the improper or negligent conduct of the same, rather than to any inherent danger resulting from burials when properly conducted.

Prohibition of burials is unreasonable and beyond the necessities of the case, if possible dangers can be avoided by regulation of burials without absolute prohibition. *Los Angeles* v. *Hollywood Cemetery Association*, 124 California, 349; Freund on Police Power, p. 132, § 141. See report of the Connecticut board of health containing a discussion of the regulation of cemeteries, and Political Code of California regulating manner of burial of human remains, §§ 3012, 3025, 3027; Acts of California, April 1, 1878, p. 1050; 1889, p. 139; Deering's Gen. Laws, Act 545, p. 83; Henning's Gen. Laws, p. 505; provisions of Penal Code as to removal of dead bodies without permit, §§ 290–291.

The police power vested in the Board of Supervisors of San Francisco is a power to abate nuisances and to regulate such occupations as are nuisances.

Whenever threatened danger can be removed by restrictions, or regulations, without entire prohibition, the latter course is manifestly oppressive, unreasonable and invalid. 24 Am. & Eng. Ency. of Law (2d ed.), pp. 243–244; *Ex parte Patterson*, 42 Texas Crim. Rep. 256; *McConvill* v. *Jersey City*, 39 N. J. Law, 44; *City of Austin* v. *Austin Cemetery Assn.*, 87 Texas, 330; *Re Hauck*, 70 Michigan, 390; *State* v. *Mott*, 61 Maryland, 297; *Re Frazee*, 63 Michigan, 396.

A mere tendency to endanger the health of the public is not a sufficient warrant for the prohibition of a lawful business. *Lake View* v. *Rosehill Cemetery Company*, 70 Illinois, 191; *Miller* v. *Horton*, 152 Massachusetts, 540; *Lochner* v. *New York*, 198 U. S. 45.

Complainant is entitled to be heard upon the question as to whether or not burial of the dead within San Francisco is dangerous to life and detrimental to the public health. *Dobbins* v. *City of Los Angeles*, 139 California, 179; *Re Smith*, 143 California, 372–373.

The ordinance is unreasonable for the reason that it prohibits burials upon large unoccupied tracts of land. *Wygant v. McLauchlan,* 39 Oregon, 429.

The ordinance deprives complainant and its lot owners of their property without due process of law.

The means are unreasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. *Lawton v. Steele,* 152 U. S. 137; *Holden v. Hardy,* 169 U. S. 398.

The question as to whether or not modern cemeteries are dangerous to the health of neighboring inhabitants has never been considered or determined by any court.

The cases cited in the courts below, while sustaining prohibition of burials in cities as a proper exercise of the police power have been based on the mere assumption and not the actual finding of any danger.

*Mr. Jesse H. Steinhart,* with whom *Mr. Percy V. Long* was on the brief, for the defendant in error:

The San Francisco Burial Ordinance has been twice sustained by the courts of California. *Laurel Hill Cemetery v. San Francisco,* 152 California, 464; *Odd Fellows' Assn. v. San Francisco,* 140 California, 226; and in each case held to be within the powers conferred upon the municipality.

The ordinance is constitutional under the Fourteenth Amendment. Complainant cannot complain on behalf of persons owning large tracts of land which might be used for cemetery purposes as it does not belong to that class. *Brown v. Ohio Valley R. R.,* 79 Fed. Rep. 176; *Clark v. Kansas City,* 176 U. S. 114; *Pittsburg & C. R. R. v. Montgomery,* 39 N. E. Rep. 582; *Austin v. Boston,* 7 Wall. 694.

The police power of a State embraces regulations designed to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, the public morals, or the public safety. And this ordinance falls within that definition. *C., B. & Q. R. R. v. Illinois,* 200

U. S. 561; *Escanaba Transp. Co.* v. *Chicago,* 107 U. S. 678; *Leisy* v. *Hardin,* 135 U. S. 100; *Holden* v. *Hardy,* 169 U. S. 366; *Welch* v. *Swasey,* 214 U. S. 91; *Gundlin* v. *Chicago,* 177 U. S. 183.

The court should not declare the act unconstitutional because a statute ordains a complete prohibition of the act or thing legislated against instead of a regulation thereof. *Powell* v. *Pennsylvania,* 127 U. S. 678.

The judiciary cannot declare the act unconstitutional merely because it prohibits harmless things and harmless acts as well as harmful things and harmful acts. *Booth* v. *Illinois,* 184 U. S. 425.

The court will not declare an ordinance unconstitutional merely because the court itself knows or feels that the legislative conclusion as expressed in the enactment is incorrect, when as a matter of fact, the legislative conclusion is supported by public opinion, commonly held belief, or scientific authority. *Austin* v. *Tennessee,* 179 U. S. 343.

The prohibition in this case is a prohibition of burials; it is not a direct confiscation of cemeteries. In so far as it may act as a deprivation of the property of plaintiff, it does so incidentally only; as to the danger of cemeteries and for upholding prohibition of burials in cities and settled neighborhoods, see *Carpenter* v. *Yeadon,* 158 Fed. Rep. 766; *Odd Fellows' Cemetery Assn.* v. *San Francisco,* 140 California, 226.

Of the cases holding such ordinance invalid some can be distinguished and others are erroneous. *Lake View* v. *Rosehill Cemetery,* 70 Illinois, 190; *Cemetery Assn.* v. *Railway Co.,* 121 Illinois, 199; *Ex parte Wygant,* 39 Oregon, 429; *Commonwealth* v. *Alger,* 7 Cushing, 84; *Went* v. *Methodist Church,* 80 Hun, 267; Freund, Police Powers, par. 125; *Lowe* v. *Prospect Hill Cemetery,* 46 L. R. A. 240.

More than twenty-five States in the United States have specifically, in one form or another, legislated against cemeteries and, legislated in such a way as to show that they have considered cemeteries fraught with danger to public health.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to restrain the City and County of San Francisco and its officers from enforcing an ordinance forbidding the burial of the dead within the City and County limits. The allegations of the complaint are lengthy, but the material facts set forth are as follows: The plaintiff was incorporated in 1867 as a rural cemetery under a general act. The land in question had been dedicated as a burying ground, being at that time outside the city limits and a mile or two away from dwellings and business. It was conveyed to the plaintiff, and later a grant of the same was obtained from the city in consideration of $24,139.79, which sum the city retains. The land has been used as a cemetery ever since; forty thousand lots have been sold and over two million dollars have been spent by the lot owners and other large sums by the plaintiff in preparing and embellishing the grounds. By the terms of the above-mentioned general statute the lots, after a burial in them, are inalienable and descend to the heirs of the owner, and the plaintiff is bound to apply the proceeds of sales to the improvement, embellishment and preservation of the grounds. There is land still unsold estimated to be worth $75,000. There now are many dwellings near the cemetery, but it is alleged to be in no way injurious to health, or offensive, or otherwise an interference with the enjoyment of property or life. There also is an allegation that there are within the city large tracts, some of them vacant and some of them containing several hundred acres, in several of which interments could be made more than a mile distant from any inhabitants or highway. The ordinance in question begins with a recital that "the burial of the dead within the City and County of San Francisco is dangerous to life and detrimental to the public health," and goes on to forbid such burial under a penalty of fine, imprisonment, or both. The complaint sets up that it violates Article I, § 8, and the Fourteenth Amendment of the Constitution of the United States.

The answer denied some of the above statements on the ground of ignorance, and categorically denied the averment as to the large vacant tracts available for burying within the city. The defendants moved for judgment on the pleadings, the notice showing the ground to be that the complaint did not state a cause of action, but going on to say that the motion would be made upon all the papers on file. The motion was granted and an exception to the judgment was affirmed by the Supreme Court of the State. 152 California, 464. As the state court and the arguments before us assumed the material allegations of the complaint to be true, we shall assume that the judgment was ordered upon the complaint without regard to the denials in the answer, although it was then on file.

The only question that needs to be answered, if not the only one before us, is whether the plaintiff's property is taken contrary to the Fourteenth Amendment. In considering it, the allegation as to the large tracts available for burying purposes may be laid on one side. The plaintiff has no grievance with regard to them. *The Winnebago*, 205 U. S. 354, 360. Moreover, it is said by the Supreme Court of the State that burial within the San Francisco City or County limits already was forbidden by statute, except in existing cemeteries or such as might be established by the Board of Supervisors. The Board of Supervisors passed the ordinance now complained of; so that, as pointed out by the court, the ordinance in effect merely prohibited burials in existing cemeteries. It was, therefore, a specific determination by the lawmaking authority as to the relation of those cemeteries to their respective neighborhoods, and the question is whether the court can say that it was wrong.

To aid its contention and in support of the averment that its cemetery, although now bordered by many dwellings, is in no way harmful, the plaintiff refers to opinions of scientific men who have maintained that the popular belief is a superstition. Of these we are asked, by implication, to take judicial

notice, to adopt them, and on the strength of our acceptance to declare the foundation of the ordinance a mistake and the ordinance void  It may be, in a matter of this kind, where the finding of fact is merely a premise to laying down a rule of law, that this court has power to form its own judgment without the aid of a jury. *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, 227. But whatever the tribunal, in questions of this kind, great caution must be used in overruling the decision of the local authorities, or in allowing it to be overruled. No doubt this court has gone a certain distance in that direction. *Dobbins* v. *Los Angeles*, 195 U. S. 222. *Lochner* v. *New York*, 198 U. S. 45, 58 *et seq*. But it has expressed through the mouth of the same judge who delivered the judgment in the case last cited the great reluctance that it feels to interfere with the deliberate decisions of the highest court of the State whose people are directly concerned. *Welch* v. *Swasey*, 214 U. S. 91, 106. The reluctance must be redoubled when as here the opinion of that court confirms a specific determination concerning the same spot previously reached by the body that made the law. See *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 341; *Smith* v. *Worcester*, 182 Massachusetts, 232, 234, 235.

But the propriety of deferring a good deal to the tribunals on the spot is not the only ground for caution. If every member of this Bench clearly agreed that burying grounds were centers of safety and thought the Board of Supervisors and the Supreme Court of California wholly wrong, it would not dispose of the case. There are other things to be considered. Opinion still may be divided, and if, on the hypothesis that the danger is real, the ordinance would be valid, we should not overthrow it merely because of our adherence to the other belief. Similar arguments were pressed upon this court with regard to vaccination, but they did not prevail. On the contrary, evidence that vaccination was deleterious was held properly to have been excluded. *Jacobson* v. *Massachusetts*, 197 U. S. 11; *S. C.*, 183 Massachusetts, 242. See

*Otis* v. *Parker*, 187 U. S. 606, 608, 609. Again there may have been other grounds fortifying the ordinance besides those recited in the preamble. And yet again the extent to which legislation may modify and restrict the uses of property consistently with the Constitution is not a question for pure abstract theory alone. Tradition and the habits of the community count for more than logic. Since, as before the making of constitutions, regulation of burial and prohibition of it in certain spots, especially in crowded cities, have been familiar to the Western World. This is shown sufficiently by the cases cited by the court below; e. g. *Coates* v. *New York*, 7 Cow. 585. *Kincaid's Appeal*, 66 Pa. St. 411. *Sohier* v. *Trinity Church*, 109 Massachusetts, 1, 21. *Carpenter* v. *Yeadon*, 158 Fed. Rep. 766; *S. C.*, 86 C. C. A. 122. The plaintiff must wait until there is a change of practice or at least an established consensus of civilized opinion before it can expect this court to overthrow the rules that the lawmakers and the court of his own State uphold.

*Judgment affirmed.*

MR. JUSTICE MCKENNA took part in the decision of this case.