## Ellwood Lumber Co., Appellant, *v.* Pittsburgh.

*Road law—Grade of street—Ordinance of councils—Municipality—Damages.*

Where a municipality enacts an ordinance for the opening of a street, and a landowner thereupon erects a building at a grade below the natural surface of the ground, and thereafter the municipality establishes a grade following substantially the natural surface, the damages sustained by the property owner must be determined by considering the difference in value of the property before and after the improvement as affected by the grade fixed by council, and not by the difference in value as affected by the grade at which the owner erected his building.

Argued October 18, 1920. Appeal, No. 167, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1919, No. 85, on verdict for defendant in case of Ellwood Lumber Co. v. City of Pittsburgh. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from award of board of viewers. Before CAR-NAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting the record.

*W. T. Treadway,* for appellant.

*H. M. Irons,* Assistant City Solicitor, with him *Charles A. O'Brien,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

On June 27, 1916, the City of Pittsburgh by ordinance provided for the opening of Meade street, between North Lexington and Richland streets. The official grade, however, was not established until October 5, 1916, at which time an ordinance was passed for that purpose. In the meantime plaintiff erected buildings on its property abutting on Meade and North Lexington streets; before doing so, however, and instead of adopting the existing natural grade, it employed an engineer to inspect the surroundings and estimate the probable grade of the street when officially opened, and, without securing an official grade from the proper city authorities, constructed its buildings with reference to the level furnished by its engineer which was somewhat below the natural surface of the ground included within the lines of the street. The ordinance establishing the grade followed substantially the natural surface of the street which was several feet above the level to which plaintiff graded its property. Damages were claimed by plaintiff and viewers allowed the sum of $8,003. On appeal by the city from the viewers' award, a verdict was returned for defendant and a motion for a new trial subsequently refused. Plaintiff appealed.

The eight assignments of error, excepting the fourth, involved substantially the same question, to wit: the right of an abutting landowner to recover for injury to his property caused by the establishment by a municipality of a street grade at a level different from that fixed by a competent engineer as reasonable and likely to be adopted by the city, the landowner in the meantime having excavated to a depth below the grade adopted by the city. These assignments cannot be sustained. A city in its corporate capacity is vested with supreme control over its streets, including the power to determine all matters in connection with their grading and paving according to its best judgment: McHale v. Transit Co., 169 Pa. 416, 424. The legislature having conferred upon

municipal corporations the power to enact ordinances for specific purposes, among which is the control of its streets, an ordinance adopted pursuant to such authority cannot be impeached as unreasonable because contrary to what the court might deem more equitable in the particular instance: Ligonier Valley R. R. v. Latrobe Boro., 216 Pa. 221. The unreasonableness of an ordinance is a matter to be urged upon council at the time of its being considered by that body, as its conclusion finally adopted and set forth in the ordinance is not reviewable by the court merely because its provisions are alleged to be unreasonable and that the discretion vested in the councilmanic body has been unwisely exercised. Consequently, upon the City of Pittsburgh providing by a proper ordinance for the opening of the street in question at or near its existing natural grade instead of lowering its level to the grade plaintiff's engineer decided to be reasonable and proper, in view of the surroundings, the right of abutting owners to recover compensation for injury done their property accrued at once and the damages sustained by property owners must be determined by considering the difference in value of the property before and after the improvement as affected by the grade fixed by council and not by the difference in value between the latter grade and such grade as the abutting owners had previously adopted as the one best suiting their individual needs, or the one which, in their judgment, would probably be adopted by the city in the future. The questions raised in these assignments were fairly submitted to the jury in a charge stating the law fully and correctly. The assignments are overruled.

What we have said disposes of the main question involved in this appeal and renders consideration separately of each assignment unnecessary, since all but the fourth raises the same question in one form or other. The fourth assignment affects the measure of damage only, and the verdict and judgment entered have rendered its consideration needless. It may also be observed

that the fourth to eighth assignments, inclusive, are defective in that they fail to show exceptions taken to the rulings and charge of the court.

The judgment is affirmed.