## Student Patrols.

O'HARA, Dep. Att'y-Gen., Jan. 9, 1929.—We have your request to be advised to what extent, if any, a board of education is responsible in case of an accident to one of the school pupils who has been appointed a patrol while in the performance of his duties.

In answer to our question: "What are the duties of a student patrol?" your department has submitted the following letter, received from one of the school districts of the Commonwealth:

"The board of education are considering establishing student patrols, to afford the school pupils of the lower grades better protection at various street

intersections which we consider dangerous, also to patrol at various points along the main streets at the time schools are dismissed, and possibly during the time pupils are going to school, but before taking definite action, the board are anxious to determine if the board of education is responsible in any manner in case any of those children that have been appointed patrols are injured while performing the duties assigned to them.

"We have several very dangerous street intersections, over which a large number of pupils must pass, and in order to afford them all the protection possible, we contemplate establishing student patrols. If it can be legally done, we expect to have the children who are appointed to these positions given power to make arrests when their orders are not respected, but in case this cannot be done, we shall work very close with the borough police officers."

The purpose for which the public schools are organized and maintained is the education and improvement of children in learning. A board of education has the power to make suitable rules, regulations, by-laws or ordinances for its own government and the government of those over whom it may have jurisdiction or control. Such rules, regulations, etc., must be made for the government, good order and safety of our schools, and must be suitably adapted to the purposes for which the school districts are created, and cannot be either inconsistent with the general law or the act creating such school districts or unreasonable or oppressive. Such rules, regulations, etc., may govern the conduct of the pupils, not only while they are upon the school premises, but also from the time they leave their homes to go to school until they return to their homes from school.

The regulation of the general public upon our streets and highways by law or ordinance, and the enforcement of such regulation by the State and various municipalities therein, is an exercise of the police power inherent in the State or delegated to those municipal divisions: 3 Dillon on Municipal Corporations, 2066, § 1273.

The municipalities of the State derive such power from constitutional, statutory or charter provisions. Strictly speaking, a municipality has no original or inherent power to control or regulate the use of its streets, and may only exercise such power when it is granted in express words or when it is necessarily or fairly implied in or incident to those powers expressly granted or to those powers which are indispensable to the accomplishment of the declared objects and purposes of a municipality: Easttown Township v. Merion, etc., Co., 18 Dist. R. 400; Millerstown v. Bell, 123 Pa. 151; Pennsylvania R. R. Co. v. Montgomery County, 167 Pa. 62, 71.

A school district may not lawfully exercise such power in the absence of express legislative authority, or unless the power is necessarily implied in or incident to those expressly granted to it, or those indispensable to the declared objects and purposes of a school district: Pennsylvania R. R. Co.'s Case, 213 Pa. 373, 376.

We have looked in vain for a constitutional or statutory provision which expressly delegates police powers to a school district extending over the streets and highways of the Commonwealth, and, in our opinion, such power is not implied in, or incident to, the powers expressly granted and is not indispensable to the accomplishment of the declared objects and purposes of the school district.

A doubt as to corporate power is resolved against its existence, and this is no less true of a school district than of a private corporation, for the source of power in each is the same: Pennsylvania R. R. Co.'s Case, 213 Pa. 373, 377.

Attendance at school by children in this Commonwealth is compulsory. The danger to which children lawfully upon the streets and highways are exposed by traffic movement is common knowledge, but the duty to so regulate the use of the streets and highways, and to so enforce such regulations as to promote the safety of the children upon them, rests upon the State or its several municipal divisions to which it has delegated the power to control the streets and highways after they have been opened and to prescribe particular regulations governing their use: Easttown Township *v.* Merion, etc., Co., *supra;* Ellwood Lumber Co. *v.* Pittsburgh, 269 Pa. 94, 95; McHale *v.* Transit Co., 169 Pa. 416, 424; Pennsylvania R. R. Co. *v.* Montgomery, 167 Pa. 62, 70; the General Borough Act of 1927; the Vehicle Code of 1927.

The school district may, by reasonable rules and regulations for the conduct of the pupils, safeguard the children when going to and from the school to their homes. Rules having this purpose as their object have been sustained as a reasonable and valid exercise of the board's authority, *i. e.,* a rule requiring children to go directly from school to their homes; a rule prohibiting children from fighting *en route.* Having in mind modern traffic conditions, a rule requiring children to cross streets or highways at certain guarded points would be a reasonable and valid exercise of its authority over its pupils. Such a rule is self-regulation. It acts directly upon the pupil in restraint or constraint of his conduct and does not directly affect the general public. The regulation of the general public upon the streets and highways and the creation and direction of the agencies necessary to enforce such regulation is not inherent in a school district, nor is it delegated to it by statute. It is not implied in, or incident to, its powers, and, in our opinion, it is not essential to accomplish its declared objects and purposes.

We are of the opinion, and so advise, that a board of education may safeguard its pupils on the streets and highways by establishing reasonable rules for their conduct while passing through the streets and highways going to and from their homes to school, but it is without authority to otherwise regulate the use of public streets and highways by the general public or to enforce regulations for traffic movement through student patrol.

There being no power in the board to impose upon the student the responsibility of patroling the streets and highways, if a board of education undertakes by rule or regulation to direct a pupil to act as a student patrol, and he is thereby exposed to danger, and is injured while performing such duty, the school district is not liable in damages, not only because a school district is but an agent of the Commonwealth, for the sole purpose of administering the Commonwealth's system of public education, and, therefore, not liable for the negligence, trespass or tort of its directors or employees (School District *v.* Fuess, 98 Pa. 600; Ford *v.* School District, 121 Pa. 543), but also because the exercise of such power is *ultra vires:* Betham *v.* Philadelphia, 196 Pa. 303, 310.

We express at this time no opinion as to the liability, if any, which may rest upon the individual or individuals who require or direct the student to perform such service: School District *v.* Fuess, 98 Pa. 600.

If injury to persons or damage to property results to others than the student patrol by reason of the exercise of police powers by the student, the rule of non-liability applies to the *ultra vires* acts because the district cannot confer upon its agents lawful authority to represent it beyond the constitutional or statutory powers, and, again, we express no opinion as to the liability, if any, which may rest upon the individual who performs the service or the individual or individuals who require or direct the student to perform such service.

From C. P. Addams, Harrisburg, Pa.