## SHUMAKER et al. v. BOROUGH OF DALTON et al.

No. 633.

District Court, M. D. Pennsylvania.

July 16, 1931.

J. E. Sickler, of Scranton, Pa., for plaintiffs.

Welles, Mumford & Stark, of Scranton, Pa., for defendants.

WATSON, District Judge.

This is an action to restrain the borough of Dalton, Pa., and its officers, from enforcing an ordinance forbidding the burial of the dead within certain described territory within the limits of the borough of Dalton.

The Dalton Cemetery Association, one of the plaintiffs, was incorporated by a decree of the court of common pleas of Lackawanna county, Pa., February 8, 1886. It had charge and control of a cemetery known as the "Shumaker Cemetery," located in the borough of Dalton. All of the burial lots were sold many years ago, and the Dalton Cemetery Association was, and had been, for many years without funds with which to keep up the cemetery. E. Ellsworth Shumaker, the other plaintiff, was the owner of certain land in the borough of Dalton, adjoining the Shumaker Cemetery, and within

the territory described in the ordinance referred to.

Prior to the passage of the ordinance, Shumaker informed the Dalton Cemetery Association that he would deed to the association lots on his land for burial purposes as they were needed, the association to transfer them to the purchasers, and that he would turn over to the association 10 per cent. of the amount received for the lots, for use by the association for the care of the cemetery. No contract was ever entered into between the Dalton Cemetery Association and Shumaker, and no lots were ever deeded to the Dalton Cemetery Association by Shumaker, in accordance with his proposal.

The plaintiff contends that the ordinance should be declared invalid, unconstitutional, and void, because:

"(1) It violates that provision of the Fourteenth Amendment to the Constitution of the United States which says: 'Nor shall any state deprive any person of life, liberty or property without due process of law.'

"(2) It violates that provision of the Fourteenth Amendment to the Constitution of the United States which says: 'Nor' (shall any state) 'deny to any person within its jurisdiction the equal protection of the laws.'

"(3) It violates that provision of section 10, article 1 of the Constitution of the United States which says: 'No state shall * * * pass any * * * law impairing the obligation of contracts.'

"(4) It is special legislation, and grossly discriminative against the plaintiffs.

"(5) It is arbitrary, oppressive, unreasonable."

The question raised by reasons (1) and (2) is whether Shumaker's property is taken contrary to the Fourteenth Amendment. By the Act of May 4, 1927, P. L. 519, art. 28, § 2801 (53 PS § 15021), the state of Pennsylvania conferred upon boroughs power to "prohibit within their limits, or within any described territory within such limits, the burial or interment of deceased persons," and in pursuance thereof the borough of Dalton enacted the ordinance which prohibited the burial or interment of any deceased person within certain described territory within the limits of the borough.

That the state of Pennsylvania has the power to control and prohibit burials in municipalities, there can be no doubt.

In Kincaid's Appeal, 66 Pa. 411, 5 Am. Rep. 377, the Supreme Court of Pennsylvania said: "No one can doubt the power of the legislature to prohibit all future interments within the limits of towns or cities. In ancient times, in Greece and Rome, such was the universal rule. It was one of the laws of the twelve tables 'Hominem mortuum in urbe ne sepelite neve vicinitate.' It is much to be regretted that it was not adopted as our policy at an early period. This is no invasion of any right of property. Every right, from an absolute ownership down to a mere easement, is purchased and held subject to the restriction that it shall be so exercised as not to injure others. Though at the time it may be remote and inoffensive, the purchaser is bound to know at his peril that it may become otherwise, by the residence of many people in its vicinity, and that it must yield to laws for the suppression of nuisances. If conditions or covenants, appropriating land to some particular use, could prevent the legislature from afterwards declaring that use unlawful, legislative powers necessary to the comfort and preservation of populous communities might be frittered away into perfect insignificance."

And the state may confer the same power on municipal corporations, such as cities and boroughs. "Nor can it be doubted that the legislature may confer the same power upon municipal corporations, such as cities and boroughs. They are but subdivisions of the state, created by the state, for the comfort and convenience of the citizens dwelling therein. The state confers upon them a portion of its sovereignty for the purpose of enabling them to control their local affairs." Klingler v. Bickel, 117 Pa. 326, 11 A. 555, 557.

In Laurel Hill Cemetery v. City and County of San Francisco, 216 U. S. 358, 30 S. Ct. 301, 302, 54 L. Ed. 515, the ordinance passed by the board of supervisors prohibited burials in existing cemeteries. The question was whether the property was taken contrary to the Fourteenth Amendment. In holding that it was not, Mr. Justice Holmes, in delivering the opinion of the court, said: "And yet again the extent to which legislation may modify and restrict the uses of property consistently with the Constitution is not a question for pure abstract theory alone. Tradition and the habits of the community count for more than logic. Since, as before the making of constitutions, regulation of burial and prohibition of it in certain spots, especially in crowded cities, have been familiar to the Western world. This is shown sufficiently by the cases cited by the court below, e. g., Coates v. New York, 7

Cow. [N. Y.] 585; Kincaid's Appeal, 66 Pa. 411, 5 Am. Rep. 377; Sohier v. Trinity Church, 109 Mass. 1, 21; Carpenter v. Yeadon, 158 F. 766, 86 C. C. A. 122. The plaintiff must wait until there is a change of practice or at least an established consensus of civilized opinion before it can expect this court to overthrow the rules that the lawmakers and the court of his own state uphold."

■ The question raised by the third reason is whether the ordinance impairs the obligation of a contract. As already pointed out, no contract existed, the obligation of which could be impaired. There is no evidence in this case from which it can be found that a contract existed between the Dalton Cemetery Association and Shumaker. "Before we can be asked whether to determine whether a statute has impaired the obligation of a contract, it should appear that there was a legal contract subject to impairment, and some ground to believe that it has been impaired." New Orleans v. New Orleans Water-Works Co., 142 U. S. 88, 12 S. Ct. 142, 146, 35 L. Ed. 943.

The remaining questions are those raised by the fourth and fifth reasons, and are as to whether the ordinance is special legislation and grossly discriminative against the plaintiffs, and whether it is arbitrary, oppressive, and unreasonable.

■ The ordinance cannot be held to be special legislation. "Ordinances are not laws within the meaning of the constitutional provisions prohibiting local or special legislation." Taylor v. Philadelphia, 261 Pa. 458, 104 A. 766, 767.

■ The Legislature of Pennsylvania having conferred upon municipal corporations the power to enact ordinances for specific purposes, an ordinance adopted pursuant to such authority cannot be impeached as unreasonable because contrary to what the court might deem more equitable in the particular instance. Ligonier Valley R. Co. v. Latrobe Borough, 216 Pa. 221, 65 A. 548. "The unreasonableness of an ordinance is a matter to be urged upon council at the time of its being considered by that body, as its conclusion finally adopted and set forth in the ordinance is not reviewable by the court merely because its provisions are alleged to be unreasonable and that the discretion vested in the councilmanic body has been unwisely exercised." Ellwood Lumber Co. v. Pittsburgh, 269 Pa. 94, 112 A. 19, 20.

I shall not discuss all of the evidence, but say that, when the size, population, and surroundings of the borough are considered, also the conditions in the territory described in the ordinance, and the proportion of the area of the borough which was already devoted to cemeteries, the reasonableness of prohibiting burying in the portions or territory described in the ordinance (if that question is subject to a review by the court) was so proper that the decision of the borough council should not be interfered with. I have read all the testimony, and I agree that the decision of the council was exercised properly and for the public good.

■ As to the contention that the ordinance is discriminative, arbitrary, and oppressive: The ordinance creates no personal disability. All persons are prohibited. The ordinance is not directed against the plaintiffs, or either of them, by name. If it had been so directed, the complaint might be a just one, but all persons are equally prohibited and equally amenable for the violation of the ordinance. "The enactment of an ordinance by a borough, prohibiting the burial of deceased persons in designated territory within its limits, is a valid exercise of the legislative power vested by law in boroughs. * * * Where a borough has already three cemeteries within its limits, the prohibition to establish a fourth is not unjust, unreasonable, discriminatory, or an abuse of power." Borough of Blakely v. Joseph Gilinsky, 17 Lack. Jur. (Pa.) 15.

The ordinance passed by the borough of Dalton is not unreasonable in its provisions, nor is it oppressive, arbitrary, or discriminatory in any particular. It is a valid exercise of the legislative police power fixed by law in the borough.

I have examined all of the cases cited by counsel and have examined them to the best of my ability, and I find nothing in any of them to cause me to doubt that the complainants have failed to make out their case.

The bill is dismissed.