[S. F. No. 14523. In Bank.—January 27, 1933.]

MINNIE SEALE et al., Appellants, v. MASONIC CEMETERY ASSOCIATION, Respondent.

George G. Olshausen and H. W. Hutton for Appellants.

Sullivan, Roche, Johnson & Barry for Respondent.

LANGDON, J.—This is an appeal by plaintiffs from an order of the Superior Court of the City and County of San Francisco denying a preliminary injunction. The undisputed facts are as follows: Plaintiffs and others bought burial lots in the Masonic cemetery, controlled by defendant corporation, in 1884. In 1901, an ordinance of said city and county prohibited the further burial of the dead within its limits, which ordinance was tested in the courts and upheld. (*Odd Fellows' Cemetery Assn.* v. *San Francisco*, 140 Cal. 226 [73 Pac. 987]; *Laurel Hill Cemetery Assn.* v. *San Francisco*, 152 Cal. 464 [93 Pac. 70, 14 Ann. Cas. 1080, 27 L. R. A. (N. S.) 260]; *Laurel Hill Cemetery Assn.* v. *San Francisco*, 216 U. S. 358 [30 Sup. Ct. Rep. 301, 54 L. Ed.

515].) In 1921, the legislature passed a statute known as the Morris Act [Stats. 1921, p. 199], which provided for abandonment of such cemeteries and removal of the bodies, which statute was held unconstitutional on the ground that it vested in the cemetery corporation an uncontrolled *discretion* to abandon or continue. (*Hornblower* v. *Masonic Cemetery Assn.,* 191 Cal. 83 [214 Pac. 978].) The court recognized, however, that a mandatory statute could validly be enacted under the police power. Thereafter, in 1923, the legislature passed the second Morris Act providing that the board of supervisors or other governing body of municipalities of more than 100,000 population, where interments had been prohibited by law for fifteen years or more, should have the power to compel the removal of bodies, whenever they should declare that the further maintenance of the cemetery was dangerous to the health, safety, comfort or welfare of the public. In pursuance of this statute, the board of supervisors of the city and county of San Francisco, on July 9, 1928, passed such an ordinance applicable to defendant and another ordinance affecting the Odd Fellows' cemetery. These ordinances required the removal and re-interment of the bodies in a suitable place outside the city limits. The board of directors of defendant thereupon adopted a resolution declaring their intention to carry out the provisions of the ordinance, and called a meeting of the lot owners at which a large majority voted to approve the action. Some of the dissenters brought an action in the federal court to enjoin the defendant from carrying out its plan, the contention being made that the ordinance was unconstitutional. In *Masonic Cemetery Assn.* v. *Gamage,* 38 Fed. (2d) 950 [71 A. L. R. 1027], it was held valid in every particular. Plaintiffs brought a separate proceeding in the superior court which is the basis of this appeal.

■ The opinion in *Masonic Cemetery Assn.* v. *Gamage, supra,* contains a full and careful discussion of all of the issues which are involved in this proceeding, and we agree with the conclusion reached therein, that the legislative act and the ordinance are constitutional, and that the action proposed to be taken thereunder is proper. None of the points raised by plaintiffs is substantial. ■ It is asserted, for example, that the defendant is still subject to the permanent injunction given after the decision in *Horn-*

*blower* v. *Masonic Cemetery Assn., supra,* but since that decision was made with reference to the first Morris Act, it can have no effect on action taken under the later statute. ▮ The validity of a statute delegating to municipalities the power to compel the removal of cemeteries is settled by numerous authorities. ▮ The plaintiffs do not have title in fee simple to their lots, but merely a right of burial therein, subject at all times to proper regulation under the police power. (*Masonic Cemetery Assn.* v. *Gamage, supra; Hollywood Cemetery Assn.* v. *Powell,* 210 Cal. 121 [291 Pac. 397, 71 A. L. R. 310]; *Hornblower* v. *Masonic Cemetery Assn., supra.*) ▮ It is contended, also, that the two-year period for removal provided for in the ordinance has lapsed. Although it hardly seems proper for lot holders whose injunctive proceedings caused the delay to raise this point, it is sufficient to say that this provision not only appears to be directory, but was actually extended by the General Cemetery Act passed by the legislature in 1931. (Stats. 1931, p. 2434.)

The order is affirmed.

Preston, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.