BENJAMIN W. MOORE and Another, Respondents, v. THE CITY OF YONKERS, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

ERNEST S. WITTNEBEL and Another, Respondents, v. ROBERT P. GIBBS, Appellant, and Another, Defendant.— Motion to resettle order denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

JOHN ARMSTRONG, Respondent, v. CHARLES F. NOYES and Others, Defendants, Impleaded with DAVIS A. SCHULTE, and Others, Appellants.— Order denying motion to vacate and set aside notice of examination before trial and modifying item 1 thereof affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

NORMAN FINKELSTEIN, Appellant, v. B. C. K. REALTY CORPORATION, Respondent.— Order denying plaintiff's motion for leave to enter a new judgment affirmed, without costs. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

EDWARD T. GRAHAM, Respondent, v. FRANK WILSON, as President of Local Union No. 3 of International Brotherhood of Electrical Workers, and WILLIAM A. HOGAN, as Treasurer of International Brotherhood of Electrical Workers, Appellants.— Order granting plaintiff's motion for a further examination before trial affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of WILLIAM BECKMANN, Appellant, for a Peremptory Mandamus Order against CHARLES N. TALBOT, Mayor, and Others, Composing the Village Board and the Building Committee of the Incorporated Village of Island Park, Respondents.— Order denying motion for a peremptory mandamus order unanimously affirmed, with costs, as a matter of law and not of discretion. Regardless of procedural questions, which we pass without discussion, it appears that the storage tanks for petroleum products at the site of their proposed location would constitute a nuisance in this small residential village and a menace to the health, safety and welfare of the inhabitants, as well as a source of danger and loss to property in the village. These tanks could, therefore, be entirely prohibited and excluded under the provisions of the zoning ordinance or permitted under such regulations as the village might impose, even though other tanks of the same general nature had been located in the vicinity before the ordinance was adopted. (*Matter of Lorkin Co.* v. *Schwab*, 242 N. Y. 330, 334; *Palmer* v. *Hickory Grove Cemetery*, 84 App. Div. 600; *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358; *Euclid* v. *Ambler Co.*, 272 id. 365.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.