## EX PARTE NASH

No. 3029

November 3, 1933.                    26 P. (2d) 353.

*Chas. A. Cantwell,* for Petitioner:

*Le Roy F. Pike* and *L. D. Summerfield,* for Respondent:

# OPINION

By the Court, SANDERS, C. J.:

This is an original proceeding in habeas corpus. The matter is before the court upon the petition for the writ and the return made thereto. The undisputed facts are as follows:

The Schramm-Johnson Company owns and conducts a drug store or pharmacy in the city of Reno. In addition to its usual stock in trade, the company deals in cigarettes. Fred P. Nash, presumably a registered pharmacist, is the manager in charge of the business of the company. During the month of June last the common council of the city of Reno adopted an ordinance which prohibits and makes it a misdemeanor for any person, firm, association, or corporation to keep, sell, or otherwise dispose of cigarettes in any place of business within the city of Reno where narcotic drugs or poisonous drugs or concoctions or mixtures thereof are kept for sale or otherwise disposed of. The ordinance is exceptional, in that it purports to give the reason or the occasion for the enactment, stated in its preamble to be as follows:

"Whereas, cigarettes containing narcotic and poisonous drugs are being sold and distributed within the City of Reno; and

"Whereas, the handling of cigarettes in places where narcotic and poisonous drugs or concoctions or mixtures thereof are also handled makes readily possible the addition of such narcotic or poisonous drugs or concoctions or mixtures thereof to cigarettes, and more readily enables the sale and disposal of said cigarettes containing

said narcotic or poisonous drugs or concoctions or mixtures thereof, and thereby endangers the health, comfort, safety, life and welfare of the inhabitants of the City of Reno:

"Now, therefore, *   *   * "

While the ordinance was in force, Fred P. Nash, the manager in charge of the business of the Schramm-Johnson Company, did sell and offer for sale cigarettes. A complaint was filed in the justice's court of the city of Reno charging him with the violation of the ordinance. Upon the filing of said complaint a warrant for his arrest was issued and served. While in custody Fred P. Nash filed a petition in this court for a writ of habeas corpus to issue, claiming that the only pretext for his arrest and detention was his admitted violation of said ordinance, which he alleged deprives him of his liberty and property without due process of law, in contravention of the fourteenth amendment of the constitution of the United States, and a similar provision of the constitution of the State of Nevada (section 8, art. 1), and in contravention of other provisions of the constitution of the State of Nevada respecting the privileges and immunities of citizens, and for these reasons only the petitioner should be discharged from custody.

1.   The ordinance is assailed upon practically all of the grounds common to legislation which in any manner interferes with private business or lawful occupations. The difficulty with the argument is that the petitioner's business and employment continues uninterrupted after, as before, the enactment. In point of fact, the ordinance deals with but a relatively small feature of the business, namely, that of cigarettes, which, in point of law, like the business itself, is clearly within the scope of the police power.

The petitioner argues that his is a lawful business and occupation and to deprive him of the right to deal in cigarettes as an article of trade is an unreasonable, arbitrary, and capricious restraint on his liberty.

2-5.   That a city ordinance or police regulation forbids acts theretofore innocent and lawful affords no

grounds for holding such a legislation either void or unreasonable. Des Moines v. Manhattan Oil Co., 193 Iowa, 1096, 184 N. W. 823, 188 N. W. 921, 23 A. L. R. 1333. The factual foundation for the ordinance is that cigarettes containing narcotic and poisonous drugs are being sold and distributed within the city of Reno. Assuming, as we must, this to be the fact, any legislation reasonable in aim and intent to suppress the publicly notorious evil cannot be overthrown upon the ground that it is unreasonable, arbitrary, and capricious. The due process of law clause of the constitution sets no limitation on the exercise of the police power to suppress and prevent the use of cigarettes or of any article of trade to aid and facilitate the sale and use of dangerous and habit-forming drugs.

**6-9.** It is argued on behalf of the petitioner that there is no fact present in the ordinance itself or in the record to justify making it a crime for one class of merchants to deal in cigarettes and not to make it a crime for other dealers engaged in the same business. The ordinance supplies a reason for the discrimination, namely, that the handling of cigarettes in places where narcotic and poisonous drugs are sold or otherwise disposed of makes readily possible the addition of such drugs to cigarettes and more readily enables the sale and disposal of cigarettes containing such drugs. The learned counsel for the petitioner insists that in view of the evil found to exist the reason assigned for the prohibitive feature of the ordinance is whimsical, fanciful, conjectural, illusory, and palpably arbitrary and discriminatory. In answer to these objections we quote from the case of Rast v. Van Deman & Lewis Co., 240 U. S. 357, 36 S. Ct. 370, 374, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455:

"The legislation which regards the difference is not arbitrary within the rulings of the cases. It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be

assumed. * * * It makes no difference that the facts may be disputed or their effect opposed by argument and opinion of serious strength. It is not within the competency of the courts to arbitrate in such contrariety. * * *

"It is the duty and function of the legislature to discern and correct evils, and by evils we do not mean some definite injury, but obstacles to a greater public welfare."

No principle of the constitution of the United States or of the State of Nevada being violated by the enactment of the ordinance, it is ordered that the writ be and it is discharged, and that the petitioner be and he is remanded to the custody of the chief of police of the city of Reno.

DUCKER, J.: I concur.

COLEMAN, J., concurring:

The inquiry in this matter is limited to a determination of whether or not the ordinance in question is violative of the fourteenth amendment to the constitution of the United States, and of article 1, sec. 8, of our own constitution.

While the ordinance in question goes to a great length in holding that a certain class of business men, usually of a splendid type, are more likely to indulge in a vicious practice to cater to a class of people with an abnormal, debased appetite, plus a weak mind, in dealing with certain drugs within themselves criminal to handle at all except pursuant to rigid restrictions, than certain other classes of business men, there are certain presumptions of law in favor of the legislative action of every legislative body, however questionable such action may be in certain instances, which we cannot ignore. For instance, we must presume that every legislative act is constitutional; that every ordinance is adopted in good faith. We must, as a general rule, presume that legislative action is based upon an inquiry into the

facts, and that such action is the result of investigation. Public policy demands an adherence to these principles.

It is a well-recognized rule that a legislative body cannot, in the exercise of its police power, arbitrarily interfere with private business; but its determination as to what is a proper exercise of such power will not be overthrown by the courts unless it clearly appears that its determination has been arbitrarily or unreasonably exercised. Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169; Laurel Hill Cemetery v. San Francisco, 216 U. S. 358, 30 S. Ct. 301, 54 L. Ed. 515.

I cannot say that it clearly appears that the city council of the city of Reno, in adopting the ordinance in question, acted either arbitrarily or unreasonably.