STATE *vs.* IRVING GUYETTE.

STATE *vs.* IRVIN GUYETTE.

FEBRUARY 5, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   These two criminal complaints charged the same defendant with violating certain provisions of general laws 1938, chapter 45, as amended by public laws 1940, chap. 822, requiring signs as specified to be displayed on the pump or dispensing equipment, and not otherwise, where motor fuel is sold to the public.   The defendant's motions to quash the complaints on constitutional grounds were denied before trial.   Later the cases were tried on stipulated facts, a jury trial being waived, and defendant was found guilty under each complaint.   The cases are here on defendant's exceptions to the denial of his motion to quash and to the decision finding him guilty in each case.

According to the stipulated facts, it appears that defendant owns and operates a retail gasoline station at 13 Hartford avenue in the city of Providence; that on June 1, 1951 he admittedly displayed and maintained on a pump on his premises, from which motor fuel was sold, a sign which did *not* state separately the amount of the governmental tax to be collected in connection with the sale of such motor fuel; and that he further maintained and displayed on the premises within view of the public highway another sign which was not on the pump or other dispensing equipment. In other words defendant admits the factual violation of both sec. 13 (a) (1) and sec. 13 (b) of G. L. 1938, chap. 45, as amended by P. L. 1940, chap. 822.

However, defendant contends in effect that his business is not affected with any public interest and therefore is not subject to these statutory regulations under the police power; that if the business is subject to police power, the regulations here imposed have no substantial and reasonable relation to the protection of the public health, safety, morals, convenience or general welfare; and that in any event such provisions constitute an arbitrary and unreason-

able exercise of the police power contrary to the due process clause of section 1 of the fourteenth amendment to the United States constitution and of article I, section 10, of the Rhode Island constitution.

At the outset it should be noted that in case numbered 9308, hereinafter called the first complaint, defendant is charged with the violation of a particular section of the statute which is materially different from the section which is alleged to have been violated in case numbered 9305, referred to as the second complaint. Consequently defendant's contentions as well as our opinion herein are confined to the specific portions of the amending statute as set forth in the respective complaints. For convenience these will be treated separately, because some considerations may not apply with equal force and effect to both sections of the statute here in question.

Under the first complaint, defendant as a retail dealer of motor fuel is charged with publicly displaying on a pump, from which motor fuel is sold, a particular sign in violation of G. L. 1938, chap. 45, as amended by P. L. 1940, chap. 822, in that the sign did not state the amount of the governmental tax separately and apart from the price of the fuel. The pertinent part of that statute reads as follows:

"Sec. 13. (a) Every retail dealer shall publicly display and maintain on each pump or other dispensing device from which motor fuel is sold by him at least one sign and not more than 2 signs stating the price per gallon of the motor fuel sold by him from such pump or device. Said sign or signs shall be of a size not larger than 24 inches by 48 inches and shall clearly and legibly state in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device.

(1) The amount of governmental tax to be collected in connection with the sale of such motor fuel shall be stated on such sign or signs separately and apart from such selling price or prices."

Whether or not a business is affected with a public interest in the restricted sense that it is devoted to a *public use,* as contended by defendant under *Williams* v. *Standard Oil Co. of Louisiana,* 278 U. S. 235, is not the answer to the controlling question here. The defendant's right to pursue any lawful business is always subject to such reasonable regulation as the state may properly impose under its police power in the interest of public health, safety, morals, convenience or general welfare. *State* v. *Conragan,* 58 R. I. 313. In this respect the legislature has broad power, though not unlimited, to determine in the first instance what is necessary and desirable in the protection of the public health, safety, morals, convenience or general welfare. *Amitrano* v. *Barbaro,* 61 R. I. 424, and cases cited. However, there is no question about the power of the state generally to legislate so as to prevent fraud against the public in the conduct of an otherwise lawful business.

The sole questions here are whether the legislature may exercise the police power to protect the general public from fraudulent representations, concealment, and deceptive advertising by retail gasoline dealers in carrying on an otherwise legitimate business, and whether the regulation in question is substantially and reasonably related to the purposes contemplated by the statute. In determining the pure question of law raised by defendant's motion to quash the first complaint, we must recognize that there is a presumption in favor of the constitutionality of the statute, and that a defendant who attacks it on a constitutional basis has the burden of establishing its unconstitutionality beyond a reasonable doubt. *State* v. *Domanski,* 57 R. I. 500; *State* v. *Smith,* 56 R. I. 168. Courts will indulge every reasonable intendment in favor of the constitutionality of a statute. *Prata Undertaking Co.* v. *State Board of Embalming & Funeral Directing,* 55 R. I. 454; *Amitrano* v. *Barbaro, supra.* In this connection it is well established, not only here but also in the federal jurisdiction, that when such

legislative action is called into question "If a state of facts could exist which would justify legislation, it is to be presumed that it did exist." *State* v. *Peckham,* 3 R. I. 289; *Fritz* v. *Presbrey,* 44 R. I. 207, 212; *Munn* v. *Illinois,* 94 U. S. 113; *Morrison* v. *Lamarre,* 75 R. I. 176.

Similar language was used by the United States supreme court to express the general rule in *Pacific States Box & Basket Co.* v. *White,* 296 U. S. 176, 185, where it was also held that facts relied upon to rebut the presumption of constitutionality must be specifically set forth or established. Moreover that court has further stated in *O'Gorman & Young, Inc.* v. *Hartford Fire Ins. Co.,* 282 U. S. 251, at page 257: "As underlying questions of fact may condition the constitutionality of legislation of this character, the presumption of constitutionality must prevail in the absence of some factual foundation of record for overthrowing the statute."

In the instant case the legislation is not supported by the state because of the mere size of the industry. It obviously was based upon a desire to protect the general public from the effects of fraudulent misrepresentations, concealment, and deception in display advertising of a commodity which now is required for the transportation of the necessities of life and of a large portion of the working public. The use and sale of motor fuel, therefore, are closely related to the public convenience and general welfare of the community. It is conceivable from the nature and extent of the business that peculiar and widespread opportunities for fraudulent inducements and deception might be afforded in connection with the advertising and sale of motor fuel.

The legislature, as the representative of the general public, might well have desired to prevent the governmental tax from being concealed, misstated, or otherwise misused to defraud the purchasing public. Conceivably unwary purchasers might be induced by a sign to enter premises to purchase fuel in the belief that the amount displayed was the total price to be paid, only to find after the fuel had been dis-

pensed that the amount of the governmental tax was not included in the price advertised on the sign and had to be paid in addition. The legislature might also have concluded that it was necessary and desirable in the existing circumstances to help to prevent a dealer from concealing the amount of the tax and from collecting *more* than the actual tax, while ostensibly advertising the sale of certain gasoline for a cheaper price than that of his competitors.

These and certain of the other possibilities referred to in *Merit Oil Co.* v. *Director of Division on Necessaries of Life*, 319 Mass. 301, may reasonably be conceived as prompting the legislative action to prevent fraud and to protect the general public so that, if otherwise reasonable, the statute would come within the proper exercise of the police power. In the absence of any contrary fact of common knowledge, proof, or judicial notice, we are bound to assume, for the purposes of the motion and the decision on this record, that the legislature had a reasonable basis for exercising its police power by enacting the statute. *Fritz* v. *Presbrey, supra.*

The only other question is whether the regulation appearing in that part of the section in question bears a substantial and reasonable relation to the evil sought to be regulated and prevented. In this connection it should be noted that such provision does not purport to prohibit or unduly restrict the conduct of the business, directly or indirectly. Nor does it attempt to set any price on the commodity to be sold. The defendant could have sold gasoline for as much or as little as he chose, subject only to a proper sign showing the sale price of the gasoline and the amount of the governmental tax separately as stated in the statute.

One natural place for the display of such a sign is at the pump or dispensing equipment. We can think of no circumstance which would transform the requirement for such a sign into an instrument that could place defendant at a disadvantage, or could suppress fair and free competition in the commodity, or deprive him of any property right, or

could restrict unduly a legitimate business. All dealers in that retail class without discrimination are required to display the same kind of sign showing to the public the amounts of sale price and tax separately. Nothing which defendant has submitted in the facts stipulated at his trial overcomes beyond a reasonable doubt the constitutionality of the particular portion of the provision of sec. 13 (a) (1), which he has called into question in the first complaint.

But the defendant argues that similar statutes have been held to be unreasonable regulations and therefore unconstitutional in the following cases: *State* v. *Miller,* 126 Conn. 373; *Levy* v. *City of Pontiac,* 331 Mich. 100; *Regal Oil Co.* v. *State,* 123 N.J.L. 456. In our opinion none of those cases involved for decision a similar statutory provision requiring a sign on the pump to display the amount of the governmental tax separately from the selling price of the fuel.

The Connecticut court carefully restricted the opinion in *State* v. *Miller* to the two sentences of one section of the statute which apparently *prohibited all* other signs. Similarly the courts in Michigan and New Jersey confined their opinions to issues under statutory provisions which are different from and are not applicable to the pertinent provision in the instant complaint. Moreover certain other courts have reached conclusions that statutes containing provisions generally regulating the sale of motor fuel were constitutional exercises of the police power. *Merit Oil Co.* v. *Director of Division on Necessaries of Life, supra; State* v. *Woitha,* 227 Iowa 1; *People* v. *Arlen Service Stations, Inc.,* 284 N. Y. 340. At any rate, on the record here, being confined to the specific provision referred to in the complaint, the defendant's exceptions to the denial of his motion to quash and to the decision in the first complaint are overruled.

A different question, however, is presented in the second complaint charging defendant with displaying a large sign elsewhere on the premises than on the pump, in violation

of P. L. 1940, chap. 822, sec. 13 (b). That section reads as follows:

"(b) No signs stating or relating to the price of motor fuel and no signs designed or calculated to cause the public to believe that they state or relate to the price of motor fuel other than the signs referred to in section 13 (a) of this chapter and required to be displayed upon pumps and other dispensing devices, shall be posted or displayed on or about the premises where motor fuel is sold at retail and within view of any public highway or reservation."

The language in that provision is broad and plainly prohibitory in form and substance. Unlike the provisions in sec. 13 (a) (1) it is difficult to see any substantial and reasonable relation between this purported *regulation* and the purpose of the statute so as to justify the exercise by the legislature of its police power. If the statute generally is to be supported on the theory that the public is entitled to be protected against fraud by requiring comparatively small signs on the pump to display the actual amount of the price of the fuel separately and apart from the tax, it is difficult to see why a similar and larger sign elsewhere on the premises would not be at least as helpful in achieving the purpose of the statute.

However, even if a sign elsewhere on the premises contained the precise information required by sec. 13 (a) (1), which could be more easily seen by the public from the highway before entering, it would nevertheless be literally in violation of the language in sec. 13 (b). Any such sign, though conformable to other statutory provisions and placed so as to better accomplish the purpose of preventing fraud, is nevertheless *absolutely prohibited* by that section. Because of such comprehensive prohibition, there is no room here to assume that this language was intended to bar only the signs which fail to display the sale price of the fuel and the amount of the governmental tax separately, or which alone or in combination might be placed so as to

conceal essential facts, to mislead the public, or to endanger public safety. In our judgment no conceivable basis for a favorable presumption appears in the section itself, or in the argument of the state, or in the pleadings or facts of record. A similar conclusion was reached in *Moreson* v. *City of Akron*, 20 Ohio 298.

In the circumstances, therefore, we are of the opinion that the purported regulation authorized by sec. 13 (b) does not bear a substantial and reasonable relation to the subject matter of the statute, which presumably was intended to protect the general welfare and convenience of the public by preventing fraudulent, deceptive and misleading advertising in the retail sale of motor fuel. On that issue the above-cited cases in Connecticut, Michigan, and New Jersey, so far as they relate to a regulation *prohibiting all* signs except those prescribed to be displayed on the pump, have pertinent force. And in our judgment nothing in the cases from Massachusetts, Iowa, and New York indicate conclusively that on facts as here stipulated such a sweeping and inconsistent prohibition would necessarily be upheld on the basis of preventing fraud. Therefore, the defendant's exceptions to the denial of his motion to quash and to the decision in the second complaint are sustained.

In the case of State v. Irvin Guyette, Ex. No. 9308, all of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings in accordance with the decision finding him guilty.

In the case of State v. Irving Guyette, Ex. No. 9305, all of the defendant's exceptions are sustained, and the case is remitted to the superior court for entry of a decision of not guilty.

*William E. Powers*, Atty. Gen., *Raymond J. Pettine*, Ass't Atty. Gen., for State.

*Robert Gonnella, John S. Brunero,* for defendant.