99 So.2d 236 (1957)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Joe GOULD, Appellee.
Supreme Court of Florida.
December 18, 1957.
Darrey A. Davis and Hudson, McNutt, Campbell, Isom & Rearick, Miami, for appellant.
Harry B. Smith, Miami Beach, for appellee.
THOMAS, Justice.
Pursuant to Chapter 17833, Laws of Florida, Acts of 1937, empowering counties of a certain population to regulate the use of lands and buildings for the purpose of "promoting the health, safety, morals or the general welfare of the community" the County Commissioners of Dade County adopted resolutions prohibiting the display of signs, "visible from the outside of the structure" advertising the rates for accommodations at motels.
The appellee was haled before the Chief Enforcement Officer of the Dade County Planning, Building and Zoning Department for failure to remove the signs considered to be a violation of the regulations established by the County Commissioners. After appearing in response to the notice and being told he would be prosecuted if he did not remove the signs the appellee entered suit to restrain the enforcement against him of the regulations claiming that the maintenance of the signs in question did not constitute a violation and that, in the circumstances, there was no relationship between their maintenance and the health, safety, morals or general welfare of the public.
The chancellor accepted appellee's position and enjoined Dade County from enforcing the provisions of the resolutions against him. The appeal from the final decree was entered before 1 July 1957.
In brief the appellant insists that the development of motels in the county has been phenomenal; that signs giving the rates are unsightly and confusing and that to cure the evil, the motel owners combined in a request that resolutions prohibiting such advertisements be adopted. The county commissioners quite naturally obliged.
*237 Before discussing the validity of the resolutions it seems fitting to describe briefly the signs which the appellant insists were so offensive as to bring them within the prohibition designed to protect the public welfare.
They were apparently located in the lobby which had a glass front. One was displayed at the desk over the pigeonholes provided for keys and messages, the other on a counter. On the left side of the signs appear, in large figures, "$2.50" and on the right the word, in bold letters, "ROOM". Between the figures and letters appear the words "free gift with each" and at the bottom, in small letters, "This is not a rate sign."
We are not conscious of any effect the signs in question might have had on public health, safety or morals. Public welfare only seems involved and we will conclude this litigation by deciding whether or not the very signs under attack should be condemned because the so-called violation had some relationship to the general welfare of the community from the standpoint of aesthetics.
Sixteen years ago we recognized the importance to a community such as Miami Beach of maintaining the attractiveness of the territory, City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; and in Merritt v. Peters, Fla., 65 So.2d 861, we upheld a resolution adopted under Chapter 17833, supra, by the County Commissioners of Dade County restricting the size of commercial signs and commented upon the importance of aesthetics to the territory west of Biscayne Bay as well as to Miami Beach. In the latter case we became committed to the principle that the size of signs could be regulated because there was a relationship between such regulation, in general, and the well-being of the community.
We readily see the relevancy of those decisions to conditions which the resolutions were designed to meet and we can imagine the ugliness, not to mention confusion, which might result if in a colony of motels each could, unrestrained, display signs of all sorts and sizes advertising rates. So we are not willing to go as far as the chancellor in striking the resolutions. But we do agree with his holding that when the resolutions are considered with the facts of this case the appellee was entitled to relief.
We think too much emphasis was placed by the authorities upon that part of the resolution which we are italicizing: "These provisions shall not be interpreted to mean that any sign advertising any rates will be prohibited on the inside of any of the aforegoing structures so long as the same is not visible from the outside * * *."
A clear idea of the nature of the signs under attack can be got from the pictures of them in evidence. The letters and figures upon them are large, it is true, and strictly speaking, they are "visible from the outside" but we are wholly unable to accept the view that because the signs are merely visible to one who by chance looked directly at them, the landscape is so cluttered by their existence that the general welfare of the public would be affected by them and others like them.
In the brief the appellant animadverts on the nature of the wording of the sign, intimating that it was intended to deceive. We do not pursue this matter for the reason that the resolutions attempt only to restrict outside advertisement of rates and do not deal with the character of signs that are permitted within the building.
Our conclusion is that the decree should be affirmed so far as it relates to the appellee in the particular circumstances and that the chancellor be directed to amend the decree to this effect.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.