CHARLES VIALE, DOING BUSINESS AS LAS GABLES MOTEL; WESTERN MOTELS, INC., A NEVADA CORPORATION, DOING BUSINESS AS MIRAGE MOTEL; WILLIAM HOPKINSON, DOING BUSINESS AS TURF MOTEL; MOTEL MANAGEMENT, INC., A TEXAS CORPORATION, DOING BUSINESS AS DESERT ISLE MOTEL; DONALD H. GILBERT, DOING BUSINESS AS ORINDA MOTEL; ABRAHAM SCHNIDER AND MARJORIE SCHNIDER, DOING BUSINESS AS MATER–MEA–INN; LOUIS G. MANGELSON, DOING BUSINESS AS CARDINAL MOTEL; J. JULIUS RAPP, DOING BUSINESS AS FIESTA MOTEL; STEPHEN C. DANIELS, DOING BUSINESS AS MIDWAY MOTEL; GEORGE L. WRIGHT, DOING BUSINESS AS WRIGHTS' MOTEL & APARTMENTS; DONALD H. GILBERT, AND ROBERT ROSOFF, APPELLANTS, *v.* GEORGE FOLEY, DISTRICT ATTORNEY OF CLARK COUNTY, STATE OF NEVADA; W. E. LEYPOLDT, SHERIFF OF CLARK COUNTY, STATE OF NEVADA; RAY K. SHEFFER, CHIEF OF POLICE OF THE CITY OF LAS VEGAS, STATE OF NEVADA, RESPONDENTS.

No. 4235

March 31, 1960                                    350 P.2d 721

*Murray Posin,* of Las Vegas, for Appellants.

*George Foley,* District Attorney, Clark County, of Las Vegas, for Respondents George Foley and W. E. Leypoldt.

*Calvin Cory,* of Las Vegas, for Respondent Ray K. Sheffer.

*George Dickerson,* of Las Vegas, Amicus Curiae.

## O P I N I O N

By the Court, MCNAMEE, C. J. :

This appeal involves the validity of subsection 2 of NRS 651.040 which prohibits outdoor or outside advertising of rates by hotels and motels for accommodations.[1]

Appeal is taken from the denial of relief in three separate cases, one a suit to enjoin the enforcement of the statute, and the other two being petitions for writ of habeas corpus brought by two persons convicted of violating the prohibitory provisions of the statute.

It is conceded by all appellants that motels and hotels are affected with a public interest and are subject to reasonable regulation by the legislature under its police power in order to promote the health, safety, morals, and general welfare of the public. It is also conceded that the advertisement of motel and hotel rates are subject to legislative regulation. Alper v. Las Vegas Motel Association, 74 Nev. 135, 325 P.2d 767.

The only question for determination is whether NRS 651.040 is a reasonable regulation insofar as it prohibits outside advertising of such rates.

---

[1]"2. It is unlawful for any owner or keeper of any hotel, inn, motel or motor court in this state to post or maintain posted on any outdoor or any outside sign:

"(a) Advertising with reference to any rates at which rooms or accommodations may be secured at such establishment.

"(b) Advertising which employs terminology with reference to special rates for rooms or accommodations at such establishment.

"(c) Advertising the corporate or fictitious name of such establishment or membership in any organization the name of which pertains to or can be reasonably construed as pertaining to the rate of rooms or accommodations at such establishment."

Statutes come to a court clothed with the presumption of validity, Caton v. Frank, 56 Nev. 56, 44 P.2d 521, and if enacted in the exercise of police powers it is presumed that the legislature intended to promote the public welfare. Semler v. Oregon State Board of Dental Examiners, 148 Ore. 50, 34 P.2d 311, aff'd, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086. The burden is upon those attacking the statute to make a showing that the statute is unconstitutional. Weaver v. Palmer Bros. Co., 270 U.S. 402, 46 S.Ct. 320, 70 L.Ed. 654; Serve Yourself Gasoline Stations Ass'n. v. Brock, 39 Cal.2d 813, 249 P.2d 545.

The general rule is that the legislature in the exercise of its police power may regulate commercial business advertising, but it cannot absolutely prohibit such advertising when it is not malum in se, because such prohibition would deprive a person of a property right without due process of law.[2] Serve Yourself Gasoline Stations Ass'n. v. Brock, supra; People v. Osborne, 17 Cal.App. Supp.2d 771, 59 P.2d 1083. See City of Reno v. District Court, 59 Nev. 416, 95 P.2d 994, 125 A.L.R. 948; Hart v. City of Beverly Hills, 11 Cal.2d 343, 79 P.2d 1080.

It is to be noted that the restrictive legislation found in said subsection 2 pertains to advertising only; that the advertising which is regulated relates only to room rates; and that the advertising of room rates is prohibited only with respect to outdoor or outside signs. Under these circumstances it cannot be said that there is a prohibition against all forms of advertising nor is there a total prohibition of advertising of room rates. The statute does not prohibit all outdoor signs or all advertising. Outdoor advertising of the type of accommodations, services, and accessories afforded is not restricted. Advertising of rates by newspaper, television, radio broadcasting, handbills, etc., is not prohibited. In other words, the statute must be construed as restrictive

---

[2]It is conceded that in the regulation of professions, rate advertising may be prohibited. See Semler v. Oregon State Board of Dental Examiners, supra.

and regulatory of the manner and means of advertising rates rather than an absolute prohibition against any kind of advertising and thus involves no absolute denial of a property right without due process of law.

In the case of City of Daytona Beach v. Abdo, Fla. App., 112 So.2d 398, 401, the District Court of Appeal of Florida had before it a city ordinance which totally prohibited outdoor advertising of hotel and motel rates, and in addition thereto the ordinance prohibited outdoor advertising of free accessories and free services. The court held that such an ordinance was not unconstitutional on its face.

The opinion recites:

"It seems to have been the primary thrust of plaintiff's position before the chancellor, and his position here, that since the ordinance in question is *prohibitory* as distinguished from *regulatory* in character, it violates his constitutional right to not be deprived of life, liberty or property without due process of law. He agrees as did the chancellor, that the ordinance might be valid if it merely sought to regulate the size, type and composition of outdoor advertising signs. He successfully contended in the trial court, and contends here, that the absolute prohibition of outdoor advertising of rates for tourist accommodations bears no reasonable relationship to the general welfare of the community, and is therefore not the proper subject of regulation under the police power granted to the City in its charter."

The Florida appellate court held in effect that even the total prohibition is not fatal to constitutionality if the general welfare will be protected, and went on to say that whether the general welfare would be protected was a factual matter which should not be determined on a motion for summary judgment. The decree of the lower court was reversed. Certiorari was denied by the Supreme Court of Florida on March 2, 1960. Abdo v. City of Daytona Beach, Fla., 118 So.2d 540.

Even in cases where there is no total prohibition of advertising, the regulation will not be sustained if it is

arbitrary or unreasonable, and is not reasonably related to the end sought to be achieved which in this case is the protection of the traveling public. It was because of this rule that legislation limiting outside price advertising of gasoline to small placards posted on gas pumps has been held invalid. Gambone v. Commonwealth, 375 Pa. 547, 101 A.2d 634. The purpose of the regulation in that case was to prevent fraud and deception, and it is apparent that the public could be better protected by signs in excess of a certain prescribed size. Accord, State v. Guyette, 81 R.I. 281, 102 A.2d 446. The contention of appellants that an analogy may be drawn from such cases is without merit.

True it is that there is no evidence in the record herein which would tend to show the need for this particular legislation to protect the traveling public. That the protection of the traveling public is necessary to promote the general welfare is pointed out, however, in the case of Adams v. Miami Beach Hotel Association, Fla., 77 So. 2d 465, 467. In that case without any determination of facts the Florida Supreme Court said: "It is a matter of common knowledge that travelers are often confronted with a sign proposing comfortable lodging at very modest prices, say, $2.50 to $4.00 per night. He pulls up to such a place and finds that all rooms at the advertised price are taken and that the only available lodging is two or three times the price advertised. It can readily be seen that the underlying purpose of the act is to break up this species of deception. Some of the hotels go so far as to advertise their rates and then when one gets in and registers he is charged a 'convention' rate, four or five times the regular rate advertised." See also City of Sarasota v. Sunad, Inc., Fla.App., 114 So.2d 377.

While it is proper for the trial court to permit the introduction of evidence as an aid in its determination of the validity of a statute resulting from the need to promote the general welfare, Ex parte Kair, 28 Nev. 127, 80 P. 463, 113 Am.St.Rep. 817, 6 Ann.Cas. 893, the existence of evidence in the record of facts which would

justify the enactment is not necessary; the existence of facts supporting the legislative judgment is presumed. Ex parte Nash, 55 Nev. 92, 26 P.2d 353; Clark v. Paul Gray, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; U.S. v. Carolene Products Co., 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234. "The Legislature, in the first instance, is the judge of what is necessary for the public welfare, and, in the absence of a showing of arbitrary interference with property rights or of the lack of a substantial relation between means and a legitimate subject for regulation, we cannot declare this legislation invalid. * * * [I]t must be presumed that the Legislature has made a careful investigation in the field, and that it has properly determined that the interests of the public require this regulation." Serve Yourself Gasoline Stations Ass'n. v. Brock, supra. In Rast v. Van Deman & Lewis Co., 240 U.S. 342, 36 S.Ct. 370, 374, 60 L.Ed. 679, the court said "* * * legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed. * * * It makes no difference that the facts may be disputed or their effect opposed by argument and opinion of serious strength. It is not within the competency of the courts to arbitrate in such contrariety. * * * It is the duty and function of the legislature to discern and correct evils, and by evils we do not mean some definite injury but obstacles to a greater public welfare."

In addition to the presumption of the need of this statute for the promotion of the public welfare, such need for this type of regulation is further evidenced by the fact that the 1960 session of the Nevada Legislature has enlarged the application of NRS 651.040 to apply to counties having a population of 10,000 or more persons when theretofore it applied only to counties of 25,000 or more persons.

The contention of appellants that the statute is discriminatory and arbitrary in violation of state and federal constitutions in that it is made applicable only to counties having a certain minimum population and is

not therefore a general law is without merit. To be a general law, a statute does not have to be operative every place in the state. State ex rel Shirley v. Lutz, 226 Ala. 497, 147 So. 429; State v. Dade County, 157 Fla. 859, 27 So.2d 283; Robinson v. Broome Co., 276 App.Div. 69, 93 N.Y.S.2d 662, aff'd, 301 N.Y. 524, 93 N.E.2d 77.

The statute in question does not infringe upon the constitutional guarantee of free speech. Hirsch v. City and County of San Francisco, 143 Cal.App.2d 313, 300 P.2d 177.

Appellants have failed to overcome the presumption of the validity of the contested statute. The judgment of the lower court holding constitutional NRS 651.040 and denying relief to appellants is therefore affirmed.

BADT and PIKE, JJ., concur.