**CHAROUHIS, et al v. DADE COUNTY.**

No. 63-C-11333.

Circuit Court, Dade County.

November 5, 1963.

</div>

Estil H. Lanham, Miami, for plaintiffs.

Thomas C. Britton, Assistant County Attorney, for defendant.

Shapiro, Fried & Weil, Miami Beach, for Greater Miami Beach Motel Association, intervenor.

HARVIE S. DuVAL, Circuit Judge.

*Final decree:* This suit challenges the constitutionality of section 33-91 (j), Metropolitan Code, a Dade County ordinance prohibiting the advertisement of rates by hotels and motels upon or outside the buildings. Defendant has answered and has moved for dismissal. The Greater Miami Beach Motel Association was permitted to intervene and has also answered. Plaintiffs have not contended that they have complied with the ordinance. If plaintiffs wish to raise this issue, they may do so in the metropolitan court. Thus the sole issue presented to this court is the constitutionality of the ordinance in question. With the consent of all parties, the cause came before the court for final hearing upon the pleadings.

The parties have agreed that the ordinance is a codification of resolutions 5078 and 6384, adopted by the board of county commissioners in June, 1952, and October, 1953, pursuant to chapter 17833, Laws of Florida, Acts of 1937, applicable only to counties of a certain population. The parties have also agreed that the differences, if any, between the provisions of the resolutions and the ordinance are immaterial.

Six years ago these resolutions were subjected to the same attack urged in the present case. In that suit, which reached the Florida Supreme Court as Dade County v. Gould, Fla. 1957, 99 So.2d 236, the trial court had held the resolutions unconstitutional. However, the Supreme Court concluded that the conditions which these resolutions were designed to meet affected the general welfare of the community and that the resolutions constituted a lawful and reasonable exercise of the powers conferred by chapter 17833. The court was not willing to go as far as the chancellor in striking the resolutions and directed him to amend his decree so as to limit its application to the particular facts presented in that case, which were held not to constitute a violation of the resolutions. Those particular facts are not present in this case.

In City of Daytona Beach v. Abdo, Fla.App. 1959, 112 So.2d 398, the First District Court of Appeal upheld a similar Daytona Beach ordinance upon authority of the Gould case. A dissent suggested that the Gould case was limited to *county* regulations enacted under authority of a statute limited to the more populous counties.

In Eskind v. City of Vero Beach, Fla.App. 1963, 150 So.2d 254, the Second District Court of Appeal upheld a similar regulation enacted by Vero Beach. In doing so, that court took note of economic as well as aesthetic considerations which prompted and justified the regulations. These same conditions have existed in Dade County. Dade County has offered to prove that its regulations were preceded by price wars that had a direct impact upon the local tourist accommodation industry. This industry in Dade County, as in Vero Beach, is such a major industry as to affect directly the general welfare of the entire community. The court has taken judicial notice of these matters of common knowledge and notes further that the enactment and enforcement of these regulations in this community during the past ten years appear to have had the actual effect intended.

The court is aware of the later decision of the First District Court of Appeal in Abdo v. City of Daytona Beach, Fla.App. 1963, 147 So.2d 598, in which that court receded from its earlier view and held the Daytona Beach ordinance unconstitutional. This opinion cannot be reconciled with the Second District's Eskind decision. If these two decisions dealing with municipal regulations bear upon the validity of county regulations adopted under a statute limited to counties, the court believes that the Eskind opinion, which became final three months after the second Abdo decision, is closer to the facts before this court and is the more persuasive. The court further believes that the Supreme Court intended to and did uphold the validity of the Dade County regulations in the Gould case and that the Supreme Court has not receded from that holding.

Accordingly, for the reasons and upon the authorities set forth above, this court holds that section 33.91 (j), Metropolitan Code, is a valid exercise of the legislative power conferred upon the board of county commissioners of Dade County and plaintiffs' prayers for injunctive relief are denied. The complaint is dismissed with prejudice and each party shall bear any costs it may have expended.