CHARLES J. OTTENHEIMER, GERALD E. DAVID, ROBERT L. ROSE, JAMES M. KELLY, LEONARD ZUCH, EUGENE R. JABLONSKI, RICHARD J. CHRISTENSEN, DANIEL SHAY, YERVANT KAFAFIAN, ROBERT C. GLASSCOCK, CHARLES N. SMITH, DONALD L. McBRIDE, GEORGE J. DUSOLD, JOHN T. MELODY, MILES B. TIMMINS, CHESTER N. HULTBURG, AND GERALD LEE PROCTOR, APPELLANTS, v. THE REAL ESTATE DIVISION OF THE NEVADA DEPARTMENT OF COMMERCE AND THE STATE OF NEVADA, RESPONDENTS.

Nos. 7975 and 8004

THE REAL ESTATE DIVISION OF THE NEVADA DEPARTMENT OF COMMERCE AND THE STATE OF NEVADA, APPELLANTS, v. H. LIPSKY, J. CAPERS, S. PARKER, HARRY COOPER, JOHN RAYMOND, FRANK LAUR, THOMAS F. TROMBLEY, KENNETH MAINES, R. C. JONES, CHANDIS SHAW, JOSEPH S. HUTCHINGS, JAMES FREESE, JAMES B. SEE, RON ECKHOFF, WILLIAM F. PLUMMER, D. E. YOUNG, WAYNE T. KRUGER,

STEVE BANDURSKI, EDWARD BENDORFEANA, ROBERT RADEZ, FRANK A. DI RODIO, GEORGE S. MATHIS, HUGH A. NORTHINGTON, JR., DON A. NEWSOM, THOMAS E. HUTCHINGS, TONY NOBREGA, VICTOR LOCKWOOD, JERRY DEDAD, GRAY JAY JOLLIFF, LARRY HICKS, JOHN F. DIEU, BRUNO PETRINI, JOHN MERRILL, STEVEN SMITH, DAN PISTORESI, RAYMOND L. WASSON, EDWARD PEENEY, TED K. SHOENHAIR, GIL-LIAN CAROL VOGEL, LINDA S. YEAGLEY, MARY LOU GRAYNER, ANDY GRAYNER, MEL-VIN A. JONES, VITO A. CAPACCIO, ARTHUR VICKERS, DWIGHT C. LANG, LOUIS F. MEDINA, ROBERT F. TAYLOR, FRANK F. RAMONDI, EDWIN C. TOOKER, MELVIN L. WARKMEISTER, E. KEVIN STALL, PHILLIP S. DANTE, DON JOHN-SON, WOLFGANG SCHANDA, HARRY KITSMIL-LER, BRUCE SALADIN, STAN FLICK, DONALD TODD, DONALD NEWMAN, JOHN F. MORRIS, REINER ARNOLD, MICHAEL BETSOTZY, EDI DOMINGO, JACK TURNER, RALPH BRIGGS, CARLOS WALDROP, JOSEPH SALIGOE, PHYLLIS FAZZINGA, MICHAEL GORETSKI, JOHN ENGEL, JASON FARRER, MYRON MEYERS, RICHARD FREESE, MILTON SAPPERSTEIN, JOHN BROGAN, LOUIS SIDWELL, ARTHUR TOWNSEND, EARL K. HUMPHREYS, LAWRENCE ST. CROIX, DONO-VAN HUMPHREY, MARK PERKINS, GERALD O'BRIEN, S. PARKER, HARLEY ASHER, E. PARR, R. RILEY, D. MAXWELL, R. SONNENBURG, H. JOHNSON, P. BURGMAN, J. SNYDER, W. CHURCH, TONY AVANTI, THOMAS MAHER, VERNON COLES, LARRY BROWN, PHIL HOWARD, JOHN FARONE, PAUL L. EDWARDS, GLADYS ROWELL, WILLIAM ROWELL, DONALD COOPER, WILLARD GOLDSMITH, TOM R. ANDERSON, MORTIMER CH. BUCKLEY, GEORGE PETERS, WILLIAM COCHRAN, NANCY BRETT, EDWARD D. COLE-MAN, BERNARD C. ROBINSON, PAUL R. ZIM-MERMAN, DON LEE CAVNAR, JAMES HAND, KIRK MARVIN, THOMAS R. EVERTS, GENERAL LEE KNIGHT, DONALD W. LOSHBAUGH, ROY GRUNDNER, PAUL FINETTI, WILLIAM A. NEW-SOM, WAYNE LISTER, LARRY WILCOX, MARVIN

STUART, R. W. WILLEY, AND A. STEVENS, RESPONDENTS.

Nos. 8031, 8032, 8033, 8034 and 8035

May 30, 1975 535 P.2d 1284

*Vargas, Bartlett & Dixon,* and *Edward Tricker,* Las Vegas, for Appellant in No. 7975, and for Respondents in Nos. 8031, 8032, 8033, 8034 and 8035.

*Albright & McGimsey,* Las Vegas, for Appellants in No. 8004.

*Robert List,* Attorney General, *Robert E. Edmonson* and *E. Williams Hanmer,* Deputy Attorneys General, for Respondent in No. 7975 and for Appellant in Nos. 8031, 8032, 8033, 8034 and 8035.

## OPINION

*Per Curiam:*

These consolidated appeals arise from suits commenced by persons qualified as "registered representatives" under NRS 119.090, asking that a 1973 amendment to NRS 119.180 be declared unconstitutional. Before the amendment, a "registered representative" could offer or sell subdivision property, without being licensed under NRS Chapter 645 as a real estate salesman or broker. As of January 1, 1975, such amendment would require that to sell land under NRS Chapter 119, a "registered representative" must be licensed as a salesman or broker.

In Case No. 7975, appellant Ottenheimer sought to have the amendment declared unconstitutional and its enforcement enjoined. On motion of the State of Nevada and the Real Estate Division of the Nevada Department of Commerce (hereinafter called "the State"), the district court held no genuine factual issue remained for trial, and granted summary judgment. See: NRCP 56. Ottenheimer has appealed, and all other consolidated appeals turn on whether summary judgment was proper in Ottenheimer's case. We hold it was not.

Without question, the State through its police powers may regulate business activities for the protection of the public.

Koscot Interplanetary, Inc. v. Draney, 90 Nev. 450, 530 P.2d 108 (1974). "Every reasonable presumption must be indulged in support of the controverted statute with any doubts being resolved against the challenging party, who has the substantial burden of showing that the act is constitutionally unsound." 90 Nev. at 456, 530 P.2d at 112. However, subject to such burden, one adversely affected may endeavor to show that such a statute is unreasonable, arbitrary, or insufficiently related to the end sought to be achieved. Cf. Viale v. Foley, 76 Nev. 149, 154, 350 P.2d 721, 723 (1960); King v. Board of Regents, 65 Nev. 533, 542, 200 P.2d 221, 225 (1948).

"Summary judgment is a drastic remedy, therefore, all evidence favorable to the party against whom such summary judgment was rendered will be accepted as true. [Citations omitted.] All favorable inferences will be drawn in favor of the party who lost on the summary judgment." Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 366, 468 P.2d 980, 981 (1970). Here, summary judgment was granted without opportunity for full discovery, and Ottenheimer had no opportunity to demonstrate that the legislation in question fails to meet constitutional standards.

Examining the existing record in the light most favorable to Ottenheimer, it cannot be said as a matter of law that the legislation in question is reasonable, non-arbitrary, and sufficiently related to the end sought to be achieved. Appellant Ottenheimer and others similarly situated should be afforded opportunity to proceed with discovery and, if they can, to present proof that the legislation offends constitutional standards. Accordingly, in Case No. 7975, we reverse and remand for trial.

In Case No. 8004, the district court denied a preliminary injunction to the plaintiffs, and appeal followed. In light of all relevant considerations, we think denial of preliminary injunctive relief was error. Particularly, we note that denying a preliminary injunction would force appellants to leave established, intrinsically lawful employment, thereby sustaining substantial irreparable injury if the legislation indeed is unconstitutional. By comparison, maintaining the status quo pending final judgment will impose small burden on the State. Cf. Memory Gardens v. Pet Ponderosa, 88 Nev. 1, 492 P.2d 123 (1972). Case No. 8004 is therefore reversed and remanded with instructions to enter a preliminary injunction consistent with this opinion.

In Case Nos. 8031, 8032, 8033, 8034 and 8035, preliminary injunctive relief was granted, and the State has appealed. For reasons heretofore stated, we affirm the district court in those cases.