CHARLES J. OTTENHEIMER, Appellant, v. REAL
ESTATE DIVISION OF THE NEVADA DEPART-
MENT OF COMMERCE and THE STATE OF
NEVADA, Respondents.

No. 11377

June 24, 1981                                    629 P.2d 1203

*Vargas, Bartlett & Dixon,* and *Chris A. Beecroft, Jr.,* Las
Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, *Robert C. Herman*
and *Franklin C. Hoover,* Deputy Attorneys General, Carson
City, for Respondents.

## OPINION

*Per Curiam:*

This action was commenced by Charles J. Ottenheimer, "a registered representative" under NRS 119.090, asking that the 1973 amendment to NRS 119.180 be determined unconstitutional as an invalid exercise of the state's police powers. Before the amendment (SB 259, Stat. Nev. 1973, Ch. 792), a "registered representative" could offer or sell subdivision property, without being licensed under NRS Chapter 645 as a real estate salesman or broker. As of January 1, 1975, such amendment required that to sell land under NRS Chapter 119, a "registered representative" must be licensed as a salesman or broker.

The trial court granted summary judgment to respondents, determining that no genuine issue of fact remained for trial. On appeal, we reversed that determination and remanded the case to the trial court so that Ottenheimer and others similarly situated could be afforded the opportunity to proceed with discovery and attempt to present proof that the legislation offends constitutional standards. Ottenheimer v. Real Estate Division, 91 Nev. 338, 342, 535 P.2d 1284, 1285 (1975). From the subsequent trial wherein the trial court determined that Ottenheimer failed to meet the burden of proving that the amendment was unconstitutional, Ottenheimer appeals.

Legislative enactments, if an exercise of the legislature's police powers, "come to a court clothed with the presumption of validity." Vaile v. Foley, 76 Nev. 149, 152, 350 P.2d 721, 724 (1960). Accordingly, where, as here, a constitutional challenge to a statute is made, the burden of proof rests on the challenger to make a "clear showing" of the statute's invalidity. Damus v. County of Clark, 93 Nev. 512, 516, 569 P.2d

933, 935 (1977). *See also,* Ottenheimer v. Real Estate Division, 91 Nev. at 342, 535 P.2d at 1285 (1975), and Koscot Interplanetary Inc. v. Draney, 90 Nev. 450, 530 P.2d 108 (1974).

In the instant case, Ottenheimer attempted to show that the legislation was unreasonable, arbitrary, or insufficiently related to the ends sought to be achieved. He argued that the legislation was unnecessary because the Real Estate Division could have controlled any problems which arose by virtue of land sales by registered representatives by other means. However, contrary to Ottenheimer's assertion, the fact that there were problems with misrepresentations and unethical conduct on the part of some registered representatives indicates that the legislature was justified in adopting the amendment to protect the land buying public.

In addition to refuting Ottenheimer's contentions, at trial the Division did establish that the legislation was calculated to promote the general welfare. The requirement that "representatives" be licensed salesmen is reasonably related to remedying the claimed inaction on the part of the Division, establishing competence in the "representatives," and providing additional controls over land sales operations on the part of the state to protect buyers.

Appellant's remaining contentions being without merit, we affirm the judgment of the lower court.